(15 App. Div. 576.)

## BEDELL v. ARNOLD et al.

(Supreme Court, Appellate Division, Second Department.   April 6, 1897.)

EJECTMENT—PARTIES—PURCHASER OF CHATTELS ON REALTY.

Ejectment will not lie against the purchaser of chattels situated on plaintiff's realty, where the purchaser immediately rented the chattels to the occupant, and plaintiff failed to request the purchaser to remove his property, since Code Civ. Proc. § 1502, provides that such actions must be brought against the occupant of the premises or a person claiming title thereto or interest therein.

Appeal from trial term, New York county.

Transferred from First department.

Action by Elizabeth W. Bedell against Ramon Arnold and another in ejectment.   From a judgment on a verdict in favor of plaintiff for $415.12 damages, and $156.86 costs, and from an order denying a motion for a new trial, defendant Ramon Arnold appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

William G. McCrea, for appellant.

James R. Angel, for respondent.

WILLARD BARTLETT, J.   This was an action of ejectment against the North Side Publishing Company and the appellant, Ramon Arnold.   The latter was sought to be charged with damages for withholding the plaintiff's real property in suit from December 9, 1892, until September 28, 1893, on the ground that he took possession of the premises without the knowledge or consent of the plaintiff, and retained possession or control of the same during that period.   The plaintiff sued as the owner of a life estate in the premises, which she acquired under the will of her husband. His executors, two of whom were sons of the plaintiff, had assumed to make a lease of the property to the North Side Publishing Company, in which corporation one of these sons was interested, for a term of five years from May 1, 1891.   The corporation occupied the premises under this instrument without objection on the plaintiff's part until about the 15th day of September, 1892, when she repudiated the executors' lease, and caused the company to be notified that she was the owner and landlord, and required it to quit the place within one month.   The proof shows that the North Side Publishing Company continued in possession after this notice until December 9, 1892, when its property was sold by the sheriff under execution.   The appellant was a purchaser at the sale, and,

if he is liable at all in the present action, his liability grows out of this fact.

The plaintiff's view of the proof upon which the alleged liability of the appellant is predicated is thus stated in the brief of her counsel:

"At such sale the defendant Arnold was present as a bidder, and bought the entire stock of the company, including a pretended lease to the company (with the exception of one small article), and did not remove it; and it remained there until the last of March, 1894. Plaintiff sought to take possession of the premises on December 24, 1892, shortly after the sale, but was ejected after a few hours by the police, under Mr. McCrea, who had charge of the property sold to Arnold, and left there."

Upon this statement, it is argued that the appellant was a trespasser, by refusing to remove the property which he had bought at the sale; that, by leaving the same in the custody of Mr. McCrea and the North Side Publishing Company, he had made them his agents in respect to the property; and that his trespass was of a continuing character, because he forcibly evicted the plaintiff through these parties as his agents in charge. I have been unable to find enough in this record to justify these conclusions. The uncontradicted testimony of Mr. Arnold is to the effect that the only time he ever was upon the premises in question was on the occasion of the sheriff's sale, when he purchased the press and other personal property belonging to the North Side Publishing Company. As to the executors' lease (for it is evidently that lease to which the evidence refers), he says: "I bought no lease. I understood that the North Side Publishing Company had the lease, and that lease was turned over to the North Side Publishing Company. It was bought for the North Side Publishing Company." Mr. William G. McCrea, a witness for the appellant, states the transaction a little differently. At the sale, he says, "the fixtures, lease, and chattels, such as machinery and type, were bought in by Mr. Arnold, really for Commissioner Heintz. The lease was knocked down to Mr. Arnold, and taken back to the company. Immediately after the sale, we agreed that the lease should go to the company; that the company should keep the lease, and hire the fixtures from Mr. Arnold alone,—that is, the chattels. We hired his chattels, but the lease the company took." I understand this to mean that, although the executors' lease was formally sold to Mr. Arnold by the auctioneer, Mr. Arnold was not the real purchaser, but the company was, and that the company retained the lease without receiving any instrument of transfer, or any delivery thereof from him. The respondent relies considerably upon an admission made by Mr. Arnold in another suit, that he leased certain property to the North Side Publishing Company; but that admission apparently refers to the chattels which Mr. McCrea mentions as having been hired by the company, and not to the real property at all. Mr. Arnold swears positively that he never claimed possession of the premises in any shape or form, and there is really no evidence of any such claim on his part. It is true, he allowed the personal property which he had purchased to remain there for a number of months, until he, in turn, sold it; but this did not constitute the

assertion of any right on his part to the possession of the premises as against the plaintiff. Nor does it appear that he ever refused to remove the property, or that he ever was requested to do so. The acts of Mr. McCrea and the police, in excluding the plaintiff's representatives from the premises, are in no wise binding upon Mr. Arnold, to whom Mr. McCrea appears to have had no relation except that a printing company in which he was interested had hired, for a time, the press and other chattels which Mr. Arnold had purchased at the sheriff's sale.

The case against the appellant seems to be that he bought certain personal property which happened to be located on the real property of the plaintiff; that he at once rented that personal property to third parties; and that, in the absence of any request from the plaintiff to him for its removal, the appellant, as long as he continued to be the owner thereof, allowed that personal property to remain on the plaintiff's real property, where it was when he became the purchaser. In my opinion, these facts are not sufficient to render the appellant liable to the plaintiff in this action. An ejectment suit, in which the immediate possession of the property is demanded, must be brought against the occupant of the premises, or, if there be none, against some person exercising acts of ownership thereupon, or claiming title thereto, or an interest therein at the time of the commencement of the action. Code Civ. Proc. § 1502. The appellant did not come within either category. He certainly was not the occupant, nor did he claim title thereto or an interest therein. I do not think that the mere act of leaving his chattels on the premises, where they were when purchased, can be regarded as the exercise of an act of ownership over those premises, so as to justify the maintenance of an ejectment, so long as the removal of the chattels was never demanded by the owner of the land. Indeed, being rightfully there when acquired by him, he could not be deemed a trespasser for merely allowing them to remain, in the absence of an express agreement for their removal, unless and until he had been requested by the landowner to take them away.

The proof did not warrant the submission of the case to the jury so far as the defendant Arnold was concerned, and the complaint against him should have been dismissed. I think the judgment, so far as it affects him, should be reversed. All concur.